United States District Court
Southern District of Texas
**ENTERED**
April 23, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOM JOHNS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-00394 |
| | § | |
| HEDWIG, LLC, ET AL., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This case, in which Plaintiff is appearing pro se, was referred to the undersigned Magistrate Judge on March 21, 2024. ECF 15. On March 5, 2024, the District Judge ordered Plaintiff to demonstrate subject matter jurisdiction by filing an Amended Complaint setting forth the citizenship of all parties to the case. ECF 7. Plaintiff timely filed an Amended Complaint asserting diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. ECF 12 at 2. However, neither basis for jurisdiction has been sufficiently alleged in Plaintiff's Amended Complaint. The Court therefore RECOMMENDS that this case be dismissed without prejudice for lack of subject matter jurisdiction.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Diversity jurisdiction requires that there be (1) complete diversity between the parties and (2) an amount in

controversy more than $75,000.  28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Complete diversity requires that "all persons on one side of the controversy ... be citizens of different states than all persons on the other side." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 281 (5th Cir. 2020).  To allege the citizenship of a limited liability company, the party asserting jurisdiction must "specifically allege the citizenship of every member of every LLC ... involved in [the] litigation." *Id.*  When members of a limited liability entity are themselves entities or associations, citizenship must be traced through the layers of members until arriving at the entity that is not a limited liability entity and identifying its citizenship status. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009).  "An unincorporated association has no separate legal identity so its citizenship, at least for purposes of diversity jurisdiction, is the citizenship of each of its members." *La. Rest. Ass'n, Inc. v. Certain Underwriters at Lloyds, London*, 573 F. Supp. 3d 1054, 1058 (E.D. La. 2021).

In this case, the Amended Complaint alleges that (1) Defendant Hedwig, LLC is a "Delaware limited liability company" and a Delaware corporation with its principal place of business in Delaware and (2) Defendant Lloyd's of London Insurance is "a British Insurance Group … doing business in London, United Kingdom." *Id.* at 1–2.  To the extent Defendant Hedwig, LLC is a limited liability

company as its name suggests,[1] the Amended Complaint does not identify the citizenship of each member.  Likewise, Defendant Lloyd's of London appears to be an unincorporated association, but the Amended Complaint does not identify the citizenship of each member.  *See La. Rest. Ass'n, Inc.*, 573 F. Supp. 3d at 1058–60 (explaining the requirements to properly allege the citizenship of the Lloyd's of London insurance market).  Accordingly, Plaintiff's Amended Complaint fails to allege facts sufficient to demonstrate diversity jurisdiction.

Furthermore, the Amended Complaint broadly references "breach and violation of Asbestos National Emission Standard for Hazardous Air Pollutants; breach and violation of Environmental Protection Agency § 61.145 Standard for demolition and renovation; [and] breach and violation of Clean Air Act of 1970." ECF 12 at 3.  However, none of these statutes provides a private cause of action for compensatory damages sought by Plaintiff.  *See* ECF 12 at 16–18.  Thus, these statutes fail to confer federal-question jurisdiction for Plaintiff's suit.  *Abarca v. Chevron U.S.A., Inc.*, 75 F. Supp. 2d 566 (E.D. Tex. 1999) (explaining that the Clean Air Act does not provide a private cause of action for compensatory damages and therefore is "insufficient to confer federal-question jurisdiction"); *accord City of Oakland v. BP PLC*, 969 F.3d 895, 908 (9th Cir. 2020); *see also Moxie ATE LP v.*

---

[1] The Delaware Secretary of State entity search identifies Hedwig, LLC as a limited liability company.  *See* https://icis.corp.delaware.gov/eCorp/EntitySearch/NameSearch.aspx.

*Bostwick Design Partnership*, No. CV 21-167, 2022 WL 976396, at *4 (W.D. Pa. Mar. 31, 2022) (explaining that failure to comply with the requirements set out in the asbestos National Emission Standard for Hazardous Air Pollutants and 40 C.F.R. § 61.145 constitutes a violation of the Clean Air Act and "the Clean Air Act does not authorize a private cause of action for compensatory damages for alleged violations of the Act").

For the above reasons, the Court RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 23, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge